UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT PAHLKOTTER, individually and on behalf of all others similarly situated,

                      Plaintiff,

-against-

SELECTQUOTE, INC., TIM DANKER, RYAN CLEMENT, and RAFFAELE SADUN,

                      Defendants.

Case No. 1:25-cv-06620 (JLR)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

       Plaintiff initiated a putative class action on behalf of all investors that purchased SelectQuote, Inc. securities between September 9, 2020 and May 1, 2025. The Complaint, filed on August 11, 2025, asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder. *See generally* Dkt. 1 ("Compl."). Now before the Court is the unopposed motion of Robert Pahlkotter ("Movant") for his appointment as lead plaintiff and approval of Glancy Prongay & Murray LLP as lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). *See* Dkts. 14, 17. For the following reasons, the motion is GRANTED.

## DISCUSSION

### I. Lead Plaintiff

       The PSLRA sets forth the process for the appointment of a lead plaintiff in class actions brought pursuant to the Securities Act and the Exchange Act.[1] *See* 15 U.S.C. §§ 77z-1(a)(3)(B), 78u-4(a)(3)(B). The statute provides that "[n]ot later than 20 days after the date on which the

---

[1] As amended by the PSLRA, the relevant provisions of the Securities Act and the Exchange Act regarding the appointment of lead plaintiffs and the selection of lead counsel are identical. *See Murphy v. Argo Blockchain plc*, 683 F. Supp. 3d 211, 216 n.3 (E.D.N.Y. 2023); *In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp. 2d 281, 337 (S.D.N.Y. 2003).

complaint is filed," the first plaintiffs to file a complaint must publish notice to the alleged class members advising them about "the pendency of the action, the claims asserted therein, and the purported class period," as well as their right to seek to be appointed as lead plaintiff within sixty days of the publication of the notice. 15 U.S.C. §§ 77z-1(a)(3)(A)(i), 78u-4(a)(3)(A)(i). Within 90 days after publication of notice, the Court "shall consider any motion made by a purported class member . . . and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the [C]ourt determines to be most capable of adequately representing the interest of class members." 15 U.S.C. §§ 77z-1(a)(3)(B)(i), 78u-4(a)(3)(B)(i).

"The PSLRA directs courts to presume that the most adequate lead plaintiff is the movant who, 'in the determination of the court, has the largest financial interest in the relief sought by the class' and 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" *Xie v. Nano Nuclear Energy Inc.*, No. 24-cv-06057 (JMF), 2024 WL 4610893, at *1 (S.D.N.Y. Oct. 28, 2024) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)). This presumption may be rebutted if a class member offers proof that the "presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class[] or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II), 78u–4(a)(3)(B)(iii)(II). "Even when a motion to appoint lead plaintiff is unopposed, the Court must still consider the factors under the PSLRA to ensure that the movant is the most adequate plaintiff." *Somogyi v. Organogenesis Holdings Inc.*, 623 F. Supp. 3d 24, 29 (E.D.N.Y. 2022) (quoting *City of Warren Police & Fire Ret. Sys. v. Foot Locker, Inc.*, 325 F. Supp. 3d 310, 314 (E.D.N.Y. 2018)); *accord Jaar v. N. Genesis Acquisition Corp.*, No. 24-cv-02155 (JLR), 2024 WL 3252909, at *2 (S.D.N.Y. July 1, 2024).

A.  **Timeliness of Motion for Appointment of Lead Plaintiff**

Plaintiff published a notice of the instant lawsuit, in accordance with the PSLRA, on August 12, 2025.  *See* Dkts. 6, 6-1.  Movant timely filed the instant motion on October 10, 2025.  *See* Dkt. 14.  The deadline to oppose the motion was October 25, 2025.  Dkts. 7, 8.  No opposition has been filed, and no competing plaintiff or counsel has contacted the Court or filed any motion.  Dkt. 17 (notice that motion for lead plaintiff and approval of counsel is unopposed and requesting adjournment of hearing to consider motion).

B.  **Largest Financial Interest**

"The PSLRA does not specify a method for calculating which plaintiff has the largest financial interest."  *Jaar*, 2024 WL 3252909, at *2 (quoting *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008)).  "Courts in the Second Circuit generally consider four factors: '(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.'"  *Id.* (quoting *Fuwei Films*, 247 F.R.D. at 437).  "Courts tend to treat the factors in ascending order of importance, with the size of the loss being the most important, but each factor is 'only a proxy — and an imperfect one — for determining' which applicant for lead plaintiff has 'the largest financial interest.'"  *Xie*, 2024 WL 4610893, at *1 (quoting *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 476 (S.D.N.Y. 2011)).

Movant "believes he has the 'largest financial interest in the relief sought by the class.'"  Dkt. 15 ("Br.") at 5 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)).  Specifically, Movant asserts that he "suffered financial losses of approximately $37,635," and "[t]o the best of his knowledge, [Movant] is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest and is otherwise adequate."  *Id.*  Given these representations, and "[b]ecause an alternative lead plaintiff has not come forward, let alone one

with a larger financial stake, the Court assumes — subject to the discussion below of the Rule 23 factors — that [Movant]'s financial interest renders him suitable to serve as lead plaintiff." *Damri v. LivePerson, Inc.*, No. 23-cv-10517 (PAE), 2024 WL 1242510, at *3 (S.D.N.Y. Mar. 22, 2024) (collecting cases).

### C. Requirements of Rule 23 of the Federal Rules of Civil Procedure

Federal Rule of Civil Procedure ("Rule") 23 provides that a party may serve as a class representative only if "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). "At this early stage of litigation, however, 'only the last two factors — typicality and adequacy — are pertinent.'" *Quinn v. Ready Cap. Corp.*, Nos. 25-cv-01883, 25-cv-03373 (PAE), 2025 WL 1883836, at *3 (S.D.N.Y. July 8, 2025) (quoting *Lopez v. CTPartners Exec. Search Inc.*, No. 15-cv-01476 (PAE), 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015)).

"The typicality requirement 'is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Maliarov v. Eros Int'l PLC*, Nos. 15-cv-08956, 16-cv-00223 (AJN), 2016 WL 1367246, at *6 (S.D.N.Y. Apr. 5, 2016) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "Minor variations in the fact patterns underlying the individual claims do not preclude a finding of typicality." *Nguyen-Wilhite v. Tapestry, Inc.*, No. 23-cv-03339 (JLR), 2025 WL 504628, at *6 (S.D.N.Y. Feb. 14, 2025) (quoting *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 405-06 (S.D.N.Y. 2015)). Like all members of the purported class here, Movant alleges that the "Defendants' material misstatements and omissions concerning SelectQuote's business . . . violated the federal securities laws" and Movant

4

"purchased SelectQuote securities in reliance on the Defendants' alleged misstatements and omissions and was damaged thereby." Br. at 6-7.  Accordingly, Movant has made a preliminary showing of typicality.

"The adequacy requirement is satisfied where the proposed lead plaintiff . . . (1) has no conflict of interest with the other members of the class; (2) has selected counsel that is qualified, experienced, and generally able to conduct the litigation in question; and (3) has sufficient interest in the outcome of the case." *Balestra v. ATBCOIN LLC*, 380 F. Supp. 3d 340, 362 (S.D.N.Y. 2019) (citing *Reitan v. China Mobile Games & Ent. Grp., Ltd.*, 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014)).  Movant has "retain[ed] competent and experienced counsel with the resources and expertise to efficiently prosecute this action."  Br. at 7; *see* Dkt. 16-3.  Additionally, Movant has alleged that his "financial losses ensure that he has sufficient incentive to provide vigorous advocacy."  Br. at 7; *see* Dkt. 16-2.  *See also Zawatsky Zawatsky v. Vroom, Inc.*, Nos. 21-cv-02477, 21-cv-02551 (PGG), 2021 WL 3498191, at *6 (S.D.N.Y. Aug. 6, 2021) (finding adequacy where, among other things, plaintiff "pleaded a loss amount suggesting that it will have a strong interest in advocating on behalf of class members").  There is also no indication "that there is a conflict, or unique defense, that would make [Movant] inadequate to represent the class here."  *Million v. Lottery.com Inc.*, No. 22-cv-07111 (JLR), 2022 WL 17076749, at *3 (S.D.N.Y. Nov. 18, 2022).  Accordingly, Movant has made a preliminary showing of adequacy.

For the foregoing reasons, Movant has established that he is presumptively the most adequate plaintiff.  This presumption "has not been rebutted by any proof that [he] will not fairly and adequately protect the interests of the class or that [he is] subject to unique defenses that render [him] unable to adequately represent the class."  *Id.* at *4; *see* 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II), 78u-4(a)(3)(B)(iii)(II).  The Court thus concludes that Movant is the

plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. §§ 77z-1(a)(3)(B)(i), 78u-4(a)(3)(B)(i).

## II. Lead Counsel

Pursuant to the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. §§ 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v). "There is a 'strong presumption in favor of approving a properly selected lead plaintiff's decisions as to counsel selection." *Damri*, 2024 WL 1242510, at *5 (quoting *Sallustro v. CannaVest Corp.*, No. 14-cv-02900 (PGG), 2015 WL 1262253, at *10 (S.D.N.Y. Mar. 19, 2015)). Here, Movant has sought the appointment of Glancy Prongay & Murray LLP as lead counsel, and this appointment is unopposed. Having reviewed the resume of the firm, the Court finds that it has sufficient experience in complex securities litigation and has been involved in numerous securities fraud class actions. *See* Dkt. 16-3; Br. at 7. Therefore, the Court approves Movant's choice of counsel.

## CONCLUSION

The Court, having considered the relevant provisions of the PSLRA, appoints Robert Pahlkotter as Lead Plaintiff and approves Lead Plaintiff's selection of Glancy Prongay & Murray LLP as Lead Counsel for the class. Accordingly, Movant's motion is GRANTED. The Clerk of Court is respectfully directed to terminate Dkt. 14. The hearing on November 5, 2025 to consider appointment of lead plaintiff and approval of counsel is therefore adjourned.

Dated: November 3, 2025
       New York, New York

                                          SO ORDERED.

                                          *Jennifer Rochon*
                                          JENNIFER L. ROCHON
                                          United States District Judge